UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50114 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANTHONY GONZALES | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Record Documents 41, 52], filed on behalf the petitioner, Anthony Gonzales. Gonzales seeks to have his sentence vacated based on (1) misapplication of the sentencing guidelines and (2) ineffective assistance of counsel. Id. For the reasons discussed herein, Gonzales' motion is **DENIED**.

### FACTUAL BACKGROUND

On April 5, 2004, an officer with the Louisiana Department of Public Safety, Weights and Measures Division, observed an individual driving a semi-truck with a radar detector and stopped him. The driver of the semi-truck presented the officer with a California driver's license bearing the name David A. Havens. The officer allowed the driver to return to his vehicle to obtain his registration, insurance, and other documents, but the driver and his female passenger fled the scene. The officer requested the assistance of the Louisiana State Police and the Greenwood Police Department to search the area, but the two individuals were not located. [PSR ¶¶ 4-7].

After an investigation, Louisiana State Trooper Buddy Merritt discovered that the semi-truck, utility trailer, and refrigerated trailer had been stolen from other states during

the previous year.  Id. at ¶ 8.  Officer Merritt also discovered numerous placquards inside the truck and trailer indicating that the driver had operated the truck under twenty different aliases.

On July 1, 2004, Officer Merritt checked the National Crime Information Center ("NCIC") in an attempt to positively identify David Havens.  The NCIC check revealed that on June 6, 2004, Havens had been arrested in Pensacola, Florida and charged with Simple Assault on a Police Officer, Resisting an Officer with Violence, two counts of Altered Prescriptions, and two counts of Passing Forged Prescriptions.  At the time of arrest, he was using the name David Havens but was later identified as Anthony Gonzales.  Id. at ¶ 18.  According to additional information Officer Merritt received from Florida law enforcement authorities, on June 7, 2004, Gonzales had been charged by the Escambia County Sheriff's Office with six counts of fraudulent checks; on June 8, 2004, he had been charged by the Pensacola, Florida Police Department with two counts of fraud; and on July 15, 2004, he was charged by the Pensacola, Florida Police Department with being in possession of a blank fictitious driver's license.  Id. at ¶ 19.

The Escambia County Sheriff's Office faxed a picture of the individual who had been arrested under the name of David Havens to Officer Merritt.  On July 7, 2004, the Weights and Standards Officer who made the initial traffic stop on April 5, 2004 identified the individual via a photo lineup as Anthony Gonzales.  Id. at ¶¶ 21-21.  On July 29, 2004, Gonzales was indicted by a federal grand jury in Shreveport, Louisiana for possession of stolen property on April 5, 2004, in violation of 18 U.S.C. § 2315.  [Record Document 1].

## PROCEDURAL HISTORY

On January 20, 2005, Gonzales was taken from the Escambia County Jail and placed into federal custody. On March 24, 2005, Gonzales entered a plea of guilty to Count One of the Indictment (possession of stolen property). [Record Documents 26, 27]. The plea agreement contained a provision stating that the government would recommend the defendant receive a one-point reduction for acceptance of responsibility. However, the presentence investigation report provided that the defendant was not entitled to any adjustment in the base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. [PSR ¶ 35].

On July 29, 2005, pursuant to an agreement between the government and defendant with respect to a stipulated sentence, Gonzales was sentenced to a term of 60 months imprisonment and ordered to pay restitution in the amount of $15,385.00. Upon his release from confinement, the Court ordered Gonzales be placed on supervised release for a period of three years. [Record Document 33].

On July 31, 2006, Gonzales filed a Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. § 2255. [Record Document 41]. On October 16, 2006, an identical motion was transferred from the Southern District of Indiana, where Gonzales is incarcerated. [Record Document 52]. Gonzales claims his sentence should be vacated because the Court erred in denying him an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1, that his counsel failed to object to the calculation of prior criminal history points, that his counsel was "under the influence" at the time of sentencing,

and that his counsel coerced him into waiving his right to appeal while Gonzales was under the influence of a heavy psychiatric medication. See Record Documents 41, 46.

## LAW AND ANALYSIS

**A.      Claims Not Cognizable Under 28 U.S.C. § 2255**

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and

"actual prejudice" resulting from the error. Id. at 168. To establish "cause," defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649, 91 L.Ed.2d 434 (1986). In a case such as this one, where the petitioner has entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). Gonzales does not contend that he is "actually innocent" of the crime. Thus, the Court need only determine whether he alleges claims that are constitutional or jurisdictional in nature and whether he has established the requisite "cause and actual prejudice" allowing him to proceed with those claims under section 2255.

Gonzales' claims concerning the Court's denial of a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and the Court's calculation of

the criminal history category is not cognizable under section 2255. "A district court's technical application of the Guidelines does not give rise to a constitutional [or jurisdictional] issue." Vaughn, 955 F.2d at 368 (citing United States v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 500 U.S. 924, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991)).

Furthermore, even if such claims were cognizable, Gonzales cannot establish "prejudice." Gonzales was sentenced to a term of 60 months imprisonment pursuant to an agreement he entered into with the Government. At his sentencing, the trial judge made clear that he was concerned with Gonzales' recidivism and would have imposed a harsher sentence in the absence of the government's stipulation:

> THE COURT: My overall concern in this particular case, and the thing that impressed me the most, was a consistent pattern of conduct of intentional misdirection, obfuscation, false identification that had a great deal to do with the delay in finding out who you were. And once your — the identification was made and brought to bear, your sentence would have been harsher under those circumstances than what was agreed to, and I want you to understand that, sir. We clear?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: It appears to me that the pattern of criminal conduct that I see poses a substantial risk of occurring again, and the 60-month sentence that was agreed to I believe is long enough for you to obtain appropriate counseling and education, self-education, in order that you can correct the conduct that got you into this trouble. But it's a pattern that occurred over a long period of time, and the Court is very concerned about that. . . .
>
> * * *
>
> MR. OWEN: Your Honor, I just note that one of the potential sentences recommended that would have been a grid or guideline sentence would be 71 months. And I know its reflected in the PSR, but to put it on the record.

> THE COURT: It is. And the top end range was 71 and the Court had every intention of imposing on that; however, I think, under the agreement, that the interest of justice and the concern for a substantial period of incarceration are taken care in this case and that all of the factors addressed in Section 3553(A) back up this particular agreed sentence.

[Sentencing Tr., pp.5-7]. The record further makes clear that Gonzales knowingly and willfully agreed to the stipulated sentence of 60 months imprisonment.

Accordingly, the Court finds Gonzales cannot establish the requisite prejudice to proceed on his claims concerning a reduction for acceptance of responsibility and the calculation of his criminal history category under section 2255.

**B.     Ineffective Assistance of Counsel**

The general ruling prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003). The procedural-default rule is a doctrine employed by the courts "to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Requiring a criminal defendant to bring ineffective assistance of counsel claims on a direct appeal promotes neither of these objectives. Moreover, a claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is properly permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. Id.

To prevail on his claims of ineffective assistance of counsel, Gonzales must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Gonzales must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687, 104 S.Ct. at 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Gonzales must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. In the context of a guilty plea, prejudice is present if there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Theriot v. Whitley, 18 F.3d 311, 313 (5th Cir. 1994). However, regardless of whether the petitioner is able to

demonstrate ineffective assistance of counsel, "the conviction [and sentence] should be upheld if the plea was voluntary."[1] Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

Here, Gonzales alleges that his attorney appeared to be under the influence of something at the time of the sentencing, and that he had the faint odor or marijuana on him. [Record Document 41]. But the transcript of the sentencing does not demonstrate any incapacitation on the part of the attorney, nor has Gonzales presented even a scintilla of evidence to support his allegations. Absent some evidence in the record—beyond the mere conclusory allegations in his *pro se* brief—Gonzales' barefaced accusations regarding his attorney's alleged incapacitation must be disregarded by the Court. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 135 (1977) (the petitioner must provide more than "conclusory allegations unsupported by specifics"); Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) ("a court cannot consider a habeas petitioner's bald assertions on a critical issues in his *pro se* petition..., unsupported and unsupportable by anything else contained the record, to be of probative evidentiary value"); see also, Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996) (conclusory allegations "do not constitute the kind of evidence necessary to raise a fact issue sufficient to warrant an evidentiary hearing").

Gonzales also asserts that his attorney encouraged him to waive his right to appeal at a time when the defendant was under heavy psychiatric medication. [Record Document

---

[1] "A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."

41]. Once again, the transcript of the sentencing does not indicate that Gonzales was impaired in any manner, nor has Gonzales provided any evidence to create a factual issue sufficient to warrant an evidentiary hearing. See Smallwood, 73 F.3d 1343.

Lastly, Gonzales asserts his counsel was ineffective for failing to object to the calculation of prior criminal history points and for failing to object to the denial of the adjustment of responsibility. This argument fails, however, because the Pre-Sentence Investigation Report and objections thereto shows Gonzales' counsel did object to the denial of the adjustment for acceptance of responsibility on the exact same basis that Gonzales is presently arguing (i.e., that Gonzales should not have been held responsible in terms of acceptance of responsibility for any activity prior to his actual arrest for the present offense). See PSR Objection No. 2.

More importantly, as indicated above, the 60 month sentence was an *agreed-upon* sentence. Regardless of any objections the attorney may have made, the sentence would have been the same. There is absolutely nothing in the record from which this Court could conclude that the attorney's conduct was objectively unreasonable or otherwise caused prejudice to Gonzales. Consequently, Gonzales' claim for ineffective assistance of counsel fails as a matter of law.

## CONCLUSION

The Court finds Gonzales' claims concerning the alleged misapplication of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255 and nevertheless are without merit. In addition, Gonzales failed to establish that he received ineffective assistance of counsel. Accordingly, Gonzales' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Record Documents 41, 52] is hereby **DENIED.**

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 17th day of December, 2009.

						_____
						S. MAURICE HICKS, JR.
						UNITED STATES DISTRICT JUDGE